■    In the Matter of LIQUOR STORES SERVICES Co. et al., Petitioners, v. STATE TAX COMMISSION, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which disallowed the professional exemption under the unincorporated business tax and taxed three partnerships as one. The clerical and bookkeeping services performed by petitioners in connection with the operation of a liquor store were not professional in nature and, accordingly, no exemption was available. (*Matter of Rosenbloom* v. *State Tax Comm.*, 44 A D 2d 69.) Petitioners' claim for three separate $5,000 partnership exemptions is equally untenable. The only purpose, concededly, for forming three partnerships, instead of one, was to minimize the taxes. There is a clear basis in fact for respondent's conclusion that the three partnerships were each merely a continuation of the one original partnership and should be regarded for tax purposes as a single entity carrying on the same business activities of petitioners (U. S. Code, tit. 26, § 708, subd. [b], par. [1], cl. [A]). Moreover, no written agreements were entered into by these individuals who were members of the same family in the formation of the partnerships; the partnerships had no assets and no expenses; and the only source of income was the payment of weekly salaries by the corporate owner of the liquor store who was also a member of the family. On this record, petitioners have not sustained the burden of establishing entitlement to the exemptions by demonstrating the existence of three separate and distinct partnerships as bona fide legal entities (Tax Law, § 689, subd. [e]; § 722). Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.